**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

C.R. LEHMAN PROPERTIES
LIMITED PARTNERSHIP                                           PLAINTIFF

       v.        Civil No. 04-5075

CONOPCO, INC., d/b/a UNILEVER
HOME & PERSONAL CARE-USA                                      DEFENDANT

## O R D E R

Now on this 20th day of December, 2005, comes on for consideration **Plaintiff CR Lehman Properties' Motion For Attorney's Fees** (document #39), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

1. Plaintiff, C.R. Lehman Properties Limited Partnership obtained a jury verdict in its favor on a theory of promissory estoppel against Conopco, Inc., d/b/a Unilever Home & Personal Care-USA, and now moves for an award of attorney's fees. Unilever objects to the motion.

2. Because this is a diversity case arising under Arkansas law, Arkansas law governs the question of whether there is a right to attorney's fees. **Ferrell v. West Bend Mutual Insurance Co., 393 F.3d 786 (8th Cir. 2005).** In Arkansas, the "general rule relating to attorney's fees is well established and is that attorney's fees are not allowed except when expressly provided for by statute." **Chrisco v. Sun Industries, Inc., 304 Ark. 227, 800**

**S.W.2d 717 (1990).** Because such fees are in derogation of the common law, any statute providing for them must be strictly construed. **City of Little Rock v. Quinn**, **35 Ark.App. 77, 811 S.W.2d 6 (1991)**("Statutes in derogation of the common law are not liberally construed or extended beyond their express language by logic or analogy; indeed, the supreme court has long held that they are to be given a strict construction")[1].

3. Plaintiff contends that **A.C.A. §16-22-308** will support an award of attorney's fees in this matter. That statute provides as follows:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

It can readily be seen that there is no "express" provision in the statute for attorney's fees in an action based on promissory estoppel. Plaintiff reasons, however, that it is applicable because promissory estoppel is a substitute -- or an alternative -- for a breach of contract claim. The gist of plaintiff's argument is that the Arkansas Supreme Court has held that the "blackletter law on promissory estoppel" is found in the

---

[1] This requirement of strict construction distinguishes Arkansas case law on the subject from the Texas case law relied upon by plaintiff, because in Texas, a similar attorney's fee statute is afforded liberal construction. See, e.g., Preload Technology, Inc. v. A.B. & J. Construction Co., Inc., 696 F.2d 1080 (5th Cir. 1983).

**Restatement (Second) of Contracts, §90 (1981).** **Van Dyke v. Glover, 326 Ark. 736, 934 S.W.2d 204 (1996).** That section reads, in relevant part, as follows:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

Because Comment d to this section states that "[a] promise binding under this section is a contract," plaintiff reasons that the jury verdict in this case, which amounts to a finding of fact that Unilever made a binding promise to plaintiff, justifies an award of attorney's fees.

Defendant, obviously, disputes plaintiff's position and insists there is no proper basis for an award of attorney's fees in this case.

4. By its very nature, promissory estoppel serves as a basis for recovery under circumstances when there is *not* a contract. **MDH Builders, Inc. v. Nabholz Construction Corp., 70 Ark.App. 284, 17 S.W.3d 97 (2000)**("Promissory estoppel may be used as a basis for recovery when the formal elements of a contract do not exist"). Indeed, the Arkansas Supreme Court quoted the following passage from Pomeroy's Equity Jurisprudence in explaining the development of the theory of "promissory estoppel":

> There are numerous cases in which an estoppel has been predicated on promises or assurances as to future conduct. Thus an estoppel may arise from the making of a promise, even though

-3-

without consideration, if it was intended that the promise be relied upon and in fact it was relied upon, and a refusal to enforce it would be virtually to sanction the perpetration of fraud or result in other injustice. The name 'promissory estoppel', has been adopted as indicating that the basis for the doctrine is not so much one of contract, with a substitute for consideration, as an application of the general principle of estoppel to certain situations.

**Peoples National Bank of Little Rock v. Linebarger Construction Co.**, **219 Ark. 11, 240 S.W.2d 12 (1951)**.

The question of whether **A.C.A. §16-22-308** will support an award of attorney's fees in a promissory estoppel case appears to be an issue of first impression in Arkansas. The Court has found no Arkansas case on point, nor have the parties cited any such case.[2] The Court is, thus, called upon to predict how the Arkansas Supreme Court would rule if it were presented with the issue. **Dakota Gasification Co. v. Pascoe Building Systems**, **91 F.3d 1094 (8th Cir. 1996)**.

The Court finds the case of **Community Bank of North Arkansas v. Tri-State Propane**, **--- Ark. ---, --- S.W.3d ---, 2005 WL 238141 (2005),** instructive as to what the Arkansas Supreme Court might do if and when presented with the issue.

In **Tri-State Propane,** the Arkansas Supreme Court was asked to apply a condition precedent -- in a promissory estoppel context -- and held as follows:

---

[2]The unpublished case of Long Brothers Oil Company v. Jerry, 1997 WL 327182 (Ark. App. 1997) cited and relied upon by plaintiff is not on point. The Arkansas Court of Appeals therein expressly noted that the action upon which plaintiff recovered was based in contract and derived from the express terms of a lease.

> Conditions precedent are contract principles. In its complaint, Tri-State asserted that it was entitled to damages based only upon detrimental reliance. The trial court's order also held that Tri-State was entitled to damages based on detrimental reliance. Neither party contended that a contract existed. Community Bank did assert in its notice of appeal, however, that it intended to argue that the trial court erred in failing to find a condition precedent, an assertion that was not presented as an argument to the trial court. Detrimental reliance is an equitable principle, which may be presented as an alternative to a breach of contract claim. Promissory estoppel is a basis for recovery when formal contractual elements do not exist. Therefore, those principles related to conditions precedent are not relevant to the review of this decision. Although Tri-State also argues that the trial court's reference from the bench to the lack of a contingency was not equivalent to a finding that there was no condition precedent, this argument is likewise misplaced because any principles related to conditions precedent are not relevant here.

(Internal citations omitted).

The refusal of the Arkansas Supreme Court to recognize and utilize contract principles in an action sounding in promissory estoppel causes this Court to believe that it would also refuse to hold that a statute authorizing an award of attorney's fees in a contract action would authorize such an award in a promissory estoppel action. That belief -- coupled with the requirement that the attorney's fee statute must be strictly construed -- causes the Court to reject plaintiff's suggestion that **A.C.A. §16-22-308** is applicable to its recovery on a theory of promissory estoppel. The motion will, therefore, be denied.

**IT IS THEREFORE ORDERED** that **Plaintiff CR Lehman Properties' Motion For Attorney's Fees** (document #39) is **denied**.

**IT IS SO ORDERED.**

                                                          /s/ Jimm Larry Hendren
                                                **JIMM LARRY HENDREN**
                                                **UNITED STATES DISTRICT JUDGE**